Claudia TIMMONS, et al., Plaintiffs,

v.

LINVATEC CORPORATION, et al., Defendants.

No. CV09–7947 R(SSx).

United States District Court, C.D. California, Western Division.

Feb. 9, 2010.

Peter A. Strotz, William E. Steimle, Sara G. Noel, Filice Brown Eassa & McLeod LLP, Los Angeles, CA, AstraZeneca Pharmaceuticals LP, for Defendants.

Order Granting Defendant AstraZeneca Pharmaceuticals LP's Motion to Dismiss Pursuant to F.R.C.P. 12(B)(6); and Motion to Strike Pursuant to F.R.C.P. 12(f)

MANUEL REAL, District Judge.

This matter comes before the Court on Defendant AstraZeneca's Pharmaceuticals LP's ("AstraZeneca") Motion to Dismiss Plaintiffs Claudia Timmons and David Timmons' Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs do not oppose the Motion to Dismiss with respect to the Third and Fourth Causes of Action (for Breach of Express Warranty and Breach of Implied Warranty, respectively), but do oppose the balance of the Motion to Dismiss. AstraZeneca also brings a Motion to Strike portions of Plaintiffs' Complaint regarding allegations of design defect, failure to warn, and attorneys' fees as related to AstraZeneca, pursuant to Federal Rule of Civil Procedure 12(f). Plaintiffs do not oppose the Motion to Strike. For the reasons set forth below, AstraZeneca's Motion to Dismiss the entire Complaint is GRANTED, WITH PREJUDICE, AS TO ASTRAZENECA ONLY. The Motion to Strike is MOOT.

## FACTUAL AND PROCEDURAL BACKGROUND

As alleged in the Complaint, Plaintiff Claudia Timmons underwent arthroscopic shoulder surgery in Arizona on February 22, 2006. Complaint ¶ 33. A Linvatec brand pain pump was implanted into her shoulder after surgery to inject a "local anesthetic" into her shoulder joint on a continuous basis, for up to seven hours or more following the surgery. *Id.* Mrs. Timmons alleges injury as a result of the pain pump's administration of a local anesthetic. Complaint ¶¶ 18–34. Although she had a single surgery after which she received a single anesthetic, she brings this suit against, among others, eight different anesthetic manufacturer defendants. Complaint ¶¶ 7–17. She alleges the following causes of action against all eight anesthetic manufacturer defendants, generally: negligence, strict products liability, breach of express warranty, breach of implied warranties, and negligent misrepresentation. Complaint ¶¶ 35–100, 133–140. Plaintiff David Timmons (Mrs. Timmons' husband) asserts a claim for loss of consortium, which is predicated on Mrs. Timmons' claims. Complaint ¶ 189–190.

Although the Complaint names eight anesthetic manufacturers as defendants, it conspicuously fails to allege which particular local anesthetic was administered to Mrs. Timmons following her surgery, much less which defendant, if any, manufactured that anesthetic. Complaint ¶ 33. The Complaint contains only generalized references to "local anesthetic" or "anesthetic medication." *See, e.g.,* Complaint ¶¶ 7, 12, 16, 19, 20, 21, 25–29, 33.

In their Opposition to this Motion, Plaintiffs admit that at the time they filed the Complaint they did not know the identity of the anesthetic or even the manufacturer. Opposition at 4:10–13, 6:23–24. During oral argument, Counsel for Plaintiffs stated that Plaintiffs had since received Mrs. Timmons' medical records and that these records state that the local anesthetic used was "Marcaine." It is undisputed that AstraZeneca has never manufactured or sold Marcaine in the United States. *See* Opposition 4:4–6 ("Sensorcaine" was AstraZeneca's brand name for its bupivacaine anesthetic).

Nevertheless, Plaintiffs argue that even though the medical records indicate the brand name anesthetic "Marcaine" was in fact utilized in Mrs. Timmons' pain pump, that term is "routinely" used generically in medical records to refer not just to Marcaine, but to a host of other anesthetic drugs that contain the generic compound "bupivacaine." *See* Opposition at 4:1–9. Therefore, Plaintiffs argue, any number of local anesthetics containing the generic compound bupivacaine, which were made by several anesthetic manufacturers under different brand names, could have been administered to Mrs. Timmons. *See, id.* Accordingly, Plaintiffs admit they sued the eight anesthetic manufacturer defendants in this case on the ground that one of them may have manufactured the bupivacaine drug administered to Mrs. Timmons and recorded in her medical records as "Marcaine." *See* Opposition at 4:1–9; 7:16–19.

## *OPINION*

### A.  LEGAL STANDARD

A defendant may move to dismiss for failure to state a claim upon which relief can be granted.  Fed.R.Civ.P. 12(b)(6).  Rule 8 requires that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.Civ.P. 8(a)(2).  To survive a motion to dismiss, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The complaint need not contain detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id.* at 555, 127 S.Ct. 1955.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference *the defendant* is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Ashcroft v. Iqbal,* — U.S. —, —, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (emphasis added).

In resolving a 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true. *Cahill v. Liberty Mutual Ins. Co.,* 80 F.3d 336, 337–338 (9th Cir.1996).  The Court must also accept as true all reasonable inferences to be drawn from the material allegations in the complaint. *Pareto v. F.D.I.C.,* 139 F.3d 696, 699 (9th Cir.1998).  Assertions that are mere "legal conclusions," however, are not entitled to the assumption of truth. *Iqbal,* 129 S.Ct. at 1950, citing *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955 (2007).

Generally, the Court may not consider material beyond the pleadings in ruling on a motion to dismiss for failure to state a claim.  There are, however, exceptions to this general rule which do not demand converting the motion to dismiss into one of summary judgment. *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir.2001).  A Court may consider material that is either attached to the complaint or material upon which the complaint relies, provided the material's authenticity is not contested. *Id.* Additionally, under Federal Rule of Evidence 201, the Court may take judicial notice of matters of public record if the facts are not subject to reasonable dispute.

■ When granting a motion to dismiss, a court has discretion to allow leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a).  When it is clear the complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *See Eminence Capital, L.L.C. v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003).

### B.  DISCUSSION

AstraZeneca moves to dismiss the entire complaint against it or, alternatively, to dismiss and strike portions of the complaint.  Because the Court agrees that all claims should be dismissed with prejudice as to AstraZeneca, the alternative arguments are moot.

■ The Complaint fails to state a claim against AstraZeneca under Rule 8, *Twombly,* and *Iqbal.*  To state a claim against AstraZeneca, Plaintiffs must allege that AstraZeneca caused their injuries.  The Complaint, however, alleges Mrs. Timmons sustained a shoulder injury as a result of receiving an unidentified "anesthetic medication."  Plaintiffs sue AstraZeneca as one of eight "defendant anesthetic manufacturers," but fail to allege that AstraZeneca manufactured the particular medication administered to Ms. Timmons after her single surgery.  Thus, the Complaint does not allege that AstraZeneca, as opposed to one of the other anesthetic manufacturer defendants, caused Plaintiffs' alleged injuries.  Further, the Complaint does not allege any facts that would permit a reasonable inference of liability against AstraZeneca, because Plaintiffs are merely

speculating that AstraZeneca might have made the particular anesthetic Mrs. Timmons' received. Plaintiffs admit this point in their Opposition, in which they state that they sued the eight anesthetic manufacturer defendants because one of them may have manufactured the anesthetic plaintiff received. *See* Opposition at 7:16–19.

During oral argument, counsel for Plaintiffs admitted that the medical records they received since filing the Complaint indicate the medication administered to Mrs. Timmons was "Marcaine." Even if Plaintiffs were permitted leave to amend to insert this fact into the Complaint, it still would not state a claim against AstraZeneca. First, if the single anesthetic administered to Mrs. Timmons was in fact Marcaine, then AstraZeneca cannot be liable. Judicially-noticeable facts demonstrate that AstraZeneca did not manufacture or sell Marcaine in the United States during the relevant time period. *See Combs v. Stryker Corp.,* 2009 WL 4929110, at *2–3, 2009 U.S. Dist. LEXIS 115920 at *5, *7 (E.D.Cal. Dec. 14, 2009). Plaintiffs concede this fact. *See* Opposition at 4:1–6. Thus, if Mrs. Timmons was in fact administered the brand name anesthetic Marcaine, this fact affirmatively disproves Plaintiffs' claims against AstraZeneca.

To avoid this result, Plaintiffs argue that "Marcaine" is routinely used in medical records to indicate any anesthetic that contains the generic compound bupivacaine. From this theory, they further argue that, although Mrs. Timmons' medical records indicate that she was administered Marcaine, this reference could mean that she was administered any bupivacaine anesthetic, which might mean that the anesthetic she was administered was manufactured by AstraZeneca. Yet, even accepting this argument as true, it would not state a claim against AstraZeneca

because Plaintiffs still have not alleged that AstraZeneca, as opposed to one of the other anesthetic manufacturer defendants, made the single anesthetic administered to Mrs. Timmons. Plaintiffs' Complaint names eight anesthetic manufacturers as defendants even though Mrs. Timmons was only administered a single anesthetic, and they admit that they do not know which one actually made that particular anesthetic. *See* Opposition at 7:16–19. As such, Plaintiffs' claim against AstraZeneca does not rise above the speculative level and must be dismissed. *See Twombly,* 550 U.S. at 570, 127 S.Ct. 1955; *Combs,* 2009 WL 4929110 at *3, 2009 U.S. Dist. LEXIS 115920 at *7–8.

■ Despite alleging no factual basis for their claims against AstraZeneca and indeed admitting that they have none, Plaintiffs request discovery in order to identify the anesthetic used, arguing that discovery may reveal which one of the eight anesthetic manufacturer defendants they sued, if any, manufactured the anesthetic Mrs. Timmons received. However, a plaintiff who fails to meet the pleading requirements of Rule 8 is not entitled to conduct discovery with the hope that it might then permit her to state a claim. *See Twombly,* 550 U.S. at 570, 127 S.Ct. 1955; *Iqbal,* 129 S.Ct. at 1954–55. Further, allowing plaintiffs to file first and investigate later, as Plaintiffs here have done, would be contrary to Rule 11(b), which mandates an "inquiry reasonable under the circumstances" into the evidentiary support for all factual contentions prior to filing a pleading. Fed.R.Civ.P. 11(b)(3).[1]

Plaintiffs' Complaint does not allege that their injuries were caused by AstraZeneca. They admit in their Opposition that they do not know which entity manufactured the anesthetic administered to Mrs. Timmons. Op-

---

1. If Plaintiffs were uncertain, as they admit they are, about the identity of the entity who manufactured the anesthetic administered to Mrs. Timmons, yet concerned about the running of the statute of limitations, they should have proceeded against fictitious "Doe" defendants, as permitted under California law. *See* California Code of Civil Procedure § 474; *see also* Civil Local Rule 19–1.

If plaintiffs do not have a sufficient basis to allege that a particular internalized injury-

causing toxin was manufactured or supplied by a specific person or entity, their complaints must name Doe defendants (Code Civ. Proc., § 474), availing them of that statute's protection against the statute of limitations until they can identify the defendants and name them by their true names.

*Bockrath v. Aldrich Chemical Co., Inc.,* 21 Cal.4th 71, 81, 86 Cal.Rptr.2d 846, 980 P.2d 398 (1999) (citation omitted). Indeed, in this case, Plaintiffs named "DOES 1 through 15" in their Complaint.

position at 4:10–13, 6:23–24, 7:16–19. Thus, Plaintiffs admit that they do not have the requisite evidentiary support to permit them in good faith to amend their Complaint to state a claim against AstraZeneca. Consequently, leave to amend would be futile.

For the reasons set forth above, AstraZeneca's Motion to Dismiss the entire Complaint is hereby GRANTED, WITH PREJUDICE, AS TO ASTRAZENECA ONLY. The Motion to Strike is moot.

IT IS SO ORDERED.